UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re
DANIEL MARKLIN
*aka* DANIEL E. MARKLIN,

                              Chapter 7
                              Case No. 8-21-71030-reg

               Debtor.
----------------------------------------------------------------x
KERIN ENTERPRISES HOLDING COMPANY,
LTD. AS SUCCESSOR IN INTEREST TO
MCKINNON DOXSEE AGENCY, INC. AND
MILLENNIUM ALLIANCE GROUP, LLC.,

               Plaintiff,
    -against-

                              Adv. Pro. No.: 8-21-08136-reg

DANIEL MARKLIN
*aka* DANIEL E. MARKLIN,

               Defendant.
----------------------------------------------------------------x

## MEMORANDUM DECISION
(Re: Assignability of the injuries underlying § 523(a)(6) cause of action)

In this adversary proceeding, Plaintiff, Kerin Enterprises Holding Company, Ltd. ("Plaintiff" or "Kerin") objects to the Debtor, Daniel Marklin ("Debtor" or "Marklin") receiving a discharge under 11 U.S.C. § 727(a)(4)(A), and to the dischargeability of its debt[1] under § 523(a)(4) and (a)(6). The Plaintiff seeks summary judgment on the §§ 727 and 523(a)(6) claims. As a threshold matter, the Court requested supplemental briefing from the parties on the issue of whether Kerin, as assignee of the entity allegedly injured by the Debtor, steps into the shoes of its assignor simply as a creditor with a claim in the case, or whether Kerin also succeeds to the rights of its assignor to assert that the Debtor inflicted a "willful and malicious" injury of a

---

[1]     The Plaintiff filed a proof of claim in an unliquidated amount on October 1, 2021. Proof of Claim 4-1, Case No. 21-71030.

nature that would result in non-dischargeability of the assigned claim under 11 U.S.C. § 523(a)(6). The § 523(a)(6) claim is governed by federal law. The predicate injuries being relied upon by the Plaintiff are governed by state law. It is the assignability of the latter that determines the issue before the Court. The § 523(a)(6) claims did not arise until the filing of the bankruptcy and therefore were not assignable pre-petition.

Kerin's claim flows from a New York state court case in which Marklin and a co-defendant, Frank G. Gallina, were alleged to have taken insurance customer account information from their former employer McKinnon Doxsee Agency, Inc. ("McKinnon Doxsee") and a related entity Millennium Alliance Group, LLC ("Millennium"). The trial court found for the defendants, Marklin and Gallina. McKinnon Doxsee and Millennium appealed and the appellate division reversed, finding a breach of fiduciary duty by Gallina, aiding and abetting that breach by Marklin, and unfair competition by both of them. *McKinnon Doxsee Agency, Inc. v. Gallina*, 132 N.Y.S.3d 144, 149 (N.Y. App. Div. 2d Dept. 2020).[2] A decision was entered in favor of McKinnon Doxsee and Millennium, as plaintiffs. Through an assignment and acquisition agreement, Kerin purports to be the successor-in-interest to McKinnon Doxsee/Millennium. As such Kerin asserts it now has the legal right to all claims and causes of actions of its predecessor including the right in this matter to seek non-dischargeability of any allowed claim it may have against the Debtor.

The Debtor argues that what was assigned was merely a determination of liability and not a cause of action; that there was no intentional act by the Debtor towards the Plaintiff; no injury

---

[2]  Damages as against the Debtor, Marklin, remain unliquidated. This Court granted relief from the automatic stay for the sole purposes of permitting Kerin to sever the Debtor from the state court action and continue to prosecute it as to the remaining defendants. Order, December 20, 2021, Case No. 21-71030, ECF No. 32.

2

to the Plaintiff; and no privity between Kerin and the Debtor. Def.'s Br., ECF No. 28. Therefore, the Debtor asserts that the Plaintiff has no right to assert a § 523 claim as that right belongs to the assignor. *Id.*

Resolution of this matter impacts the most fundamental right of any debtor, the right to a fresh start. Under the Bankruptcy Code there is a basic presumption that an honest debtor can emerge from bankruptcy without the constraints of pre-petition debts. However, the Bankruptcy Code makes clear that there are circumstances where a debtor's conduct demands denial of the privilege of a discharge for all claims or a single claim. *See* 11 U.S.C. §§ 523(a), 727(a). This should not change simply because pre-petition a claim or cause of action against the debtor was assigned or otherwise acquired. In analyzing a claim of non-dischargeability, except in very specific instances, the Bankruptcy Code looks not to the character or identity of the creditor, but rather the conduct of the debtor.

For the reasons that follow, the Court finds that Kerin is the proper party to assert whatever claims to non-dischargeability under § 523(a)(6)[3] may have existed if asserted by Kerin's assignor. This finding is in no way a pre-judgment of the merits of that claim or any of the other claims asserted in this case.

## DISCUSSION

Section 523(a)(6) provides in relevant part that: "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. §

---

[3] Although the issue presented, and thus this Decision, is limited to the assignability of the injuries underlying a § 523(a)(6) cause of action, the reasoning of the Court might also be applied to § 523(a) claims generally.

3

523(a)(6). Such a debt can only be excepted from the debtor's discharge "on request of the creditor to whom such debt is owed, and after notice and a hearing . . . ." 11 U.S.C. § 523(c)(1).

The Plaintiff argues that the plain language of the statute does not preclude an assignee from asserting a cause of action under § 523(a)(6) and thus any creditor holding a claim may bring a § 523(a)(6) proceeding related to that claim regardless of whether the holder of the claim was the party injured by the debtor. Pl.'s Br., ECF No. 27. Plaintiff asserts that courts look solely to the conduct of the Debtor and not to the identity of the injured party when analyzing § 523(a)(6) claims. *Id.* Finally, as a matter of policy, the Plaintiff argues that a debtor should not benefit from his bad acts due to an injured party having assigned the claim. *Id.*

Debtor argues that Kerin was assigned only a determination of liability and not a cause of action with a bundle of rights. The Debtor relies heavily on the 1935 case of *Cieri v. Dodge (In re Dodge)*, 9 F. Supp. 540, 545 (N.D.N.Y. 1935) (*acq. in result In re Dodge*, 86 F.2d 259, 259 (2d Cir. 1936)), in which the District Court for the Northern District of New York held that a judgment on a state law tort claim, specifically assault, could not be assigned and declared non-dischargeable under the old Bankruptcy Act.

A majority of courts hold that a valid assignment of a claim or cause of action allows the assignee to step into the shoes of the assignor and assert the § 523(a) rights of the assigning creditor who was injured by the debtor's conduct. *See Bryan v. First American Title Ins. Co.* (*In re Pazdzierz*), 718 F.3d 582, 590 (6th Cir. 2013) (holding that assignees may seek non-dischargeability under § 523(a)(2)); *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090-93 (9th Cir. 2009) (holding that assignees may pursue non-dischargeability under § 523(a)(2)(B) based on reasonable reliance on a debtor's materially false written statement made with the intent to deceive); *FDIC v. Meyer (In re Meyer)*, 120 F.3d 66, 70 (7th Cir. 1997)

4

(holding, in a case involving non-dischargeability under §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), that an assignee of a debt is also assigned the right to object to discharge of that debt); *Florida v. Ticor Tital Ins. Co. of Cal. (In re Florida)*, 164 B.R. 636, 640 (B.A.P. 9th Cir. 1994) (holding that "[s]ection 523(a)(6) determines the character of the debt by focusing analysis on the nature of the act from which the debt arises, not the identity of the claimant.").

The minority view is that an assignment, even if valid under state law, does not include the right to object to dischargeability in bankruptcy. *See GE Capital v. Bui (In re Bui)*, 188 B.R. 274, 280 (Bankr. N.D. Cal. 1995) (finding "no good reason to depart from the general rule that each element of a claim for relief must be established, including reliance by each party in the chain between the original merchant and its successors" in the context of an objection to discharge under sections 523(a)(2)(A) and 523(a)(2)(B)) (*overruled by In re Boyajian*, 564 F.3d at 1092); *Tompkins & McMaster v. Whitenack (In re Whitenack)*, 235 B.R. 819, 826 (Bankr. D. S.C. 1998) (holding in the context of a § 523(a)(2)(B) objection that an assignee creditor "must demonstrate that not only did the assignor reasonably rely on the Debtor's false representation, but that it also relied on the false representations in deciding to receive the assignment.") (citing *In re Bui*, 188 B.R. at 279); *Criimi Mae Serviced Ltd. P'ship v. Hurley (In re Hurley)*, 285 B.R. 871, 875-76 (Bankr. D. N.J. 2002) (holding that a successor in interest objecting to discharge of its debt under § 523(a)(2)(A) must show that each successor in interest to the original creditor justifiably relied on the alleged misrepresentation) (citing *In re Bui*, 188 B.R. 274 and *In re Whitenack*, 235 B.R. 819); *see also Sierra Chemicals, LLC v. Mosley (In re Mosley)*, Case No. 12-1166 T, 2013 WL 1137061, at * 3 (Bankr. D. N.M. Mar. 19, 2013) (describing the standards applied in *In re Hurley* and *In re Whitenack* as the minority view in a case on an assignee's right

to have a debt declared nondischargeable under § 523(a)(2)(A) and adopting the majority view in, *e.g.*, *In re Boyajian* as the "more logical" rule).

This Court will adopt the majority approach in resolving the specific issue presented in this case; that is, whether under New York law the assignee of an aiding and abetting breach of fiduciary duty and unfair competition claim steps into the shoes of the assignor with rights to assert the debtor's conduct towards the assignor in an action under § 523(a)(6).

While bankruptcy law determines a creditor's right to except a particular debt from discharge, state law governs what can be assigned more generally. *See*, *e.g.*, *Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 35 N.E.3d 481, 549 (N.Y. 2015) (under New York law fraud claims are freely assignable, but assignment of notes did not automatically convey fraud claims); *Cadlerock Joint Venture, L.P. v. Pittard (In re Pittard)*, 358 B.R. 457, 460-61 (Bankr. N.D. Ga. 2006) (assignee could not assert fraud as a basis for excepting assigned judgment debt from discharge because fraud claim was not assignable under Georgia law); *Shippers v. Guarracino (In re Guarracino)*, 575 B.R. 298, 309 (Bankr. D. N.J. 2017) (finding PACA law permits the free assignability of PACA trust interests). The general rule in New York is that causes of action are freely assignable. *See Raymond A. Semente, D.C., P.C. v. Empire Healthchoice Assurance, Inc.*, 523 F. Supp. 3d 269, 280 (E.D.N.Y. 2021) (citing cases)); N.Y. Gen. Oblig Law § 13-101. The Court knows of no exception which would restrict the assignability of the causes of action for aiding and abetting breach of fiduciary duty and unfair competition in the instant case. Nor does bankruptcy law place limits on the assignability of claims. The free assignability of claims is expressly recognized in Federal Rule of Bankruptcy Procedure 3001(e) and that rule contains no restriction on the rights of an assignee to assert an assignor's non-dischargeability claims under § 523(a).

In this case, while the state court action was pending, Kerin purchased a majority ownership interest in Millennium from McKinnon Doxsee, and as part of this agreement Kerin obtained the "sole right to manage, defend and make all decisions relating to the [state court action]" against Marklin and Gallina. Pl.'s Reply Brief, ECF No. 29, ¶ 10-11. Later, Kerin sold its interest in Millennium, but retained its right to the state court action against Marklin and Gallina. Kerin has provided proof of these transactions and the Debtor has not refuted their validity. Thus the record has established that Kerin is the proper owner of the claims.

The Court is also persuaded that it is the nature of the Debtor's conduct that should guide the § 523(a)(6) analysis. A debtor should not escape the legal consequences of his or her actions simply because a cause of action was assigned by the injured party. *See Cablevision Systems Corp. v. Cohen (In re Cohen)*, 121 B.R. 267, 272 (Bankr. E.D.N.Y. 1990) ("under section 523(a)(6), the proper focus is not upon the injury but rather the focus is upon the nature of the conduct that gives rise to the injury.") (citing, *e.g.*, *Davis v. Hamanaka (In re Hamanaka)*, 53 B.R. 320, 323 (Bankr. S.D.N.Y. 1985) ("the proper focus in determining whether an exception to discharge is warranted is the nature of the act and not the nature of the liability")).

Finally, the Debtor's argument that Kerin was assigned only a determination of liability and not a cause of action with a bundle of rights is not borne out by the facts recited above. The state court action, not merely a judgment or determination of liability, was transferred to Kerin. Also, the Court finds the *In Dodge* case relied on by the Debtor to be inapposite in that it involved the assignability of an action for assault, i.e., personal injury, which is an exception to the general rule in New York that causes of action are freely assignable.[4] *See* N.Y. Gen. Oblig

---

[4] The Court also notes that while the order entered in *In re Dodge* was affirmed by the Second Circuit Court of Appeals, the Circuit stated that the reasoning in the lower court opinion was extrajudicial and "should not be regarded as authoritative for any purpose whatever." *Cieri v. Dodge (In re Dodge)*, 86 F.2d 259 (2d Cir. 1936).

7

Law § 13-101 (specifically excepting personal injury claims from the free assignability of claims). The Court knows of no state law which would restrict the assignability of the causes of action for aiding and abetting breach of fiduciary duty and unfair competition in the instant case.

For these reasons, the Court finds that the Plaintiff may rely on injuries to its assignor, as found by the state court, in this non-dischargeability action under § 523(a)(6) of the Bankruptcy Code. The Court has previously found that material issues of disputed fact preclude summary judgment on the Plaintiff's claim under § 727(a)(4)(A).

A continued hearing will be held telephonically on October 31, 2022 at 9:30 a.m. with respect to Plaintiff's motion for summary judgment on the § 523(a)(6) claim.

**Dated: Central Islip, New York**
**October 3, 2022**

**Robert E. Grossman**
**United States Bankruptcy Judge**